UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ashtabula River Cooperation Group II, | ) | CASE NO. 1:07 CV 3311 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Conrail, Inc., et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant American Premier Underwriters, Inc.'s Motion to Dismiss Cross-Claims of Defendants Conrail, Inc., Consolidated Rail Corporation, Pennsylvania Lines LLC, Norfolk Southern Corporation, Norfolk Southern Railway Company, CSX Corporation, and CSX Transportation (Doc. 79). This is a cost recovery action brought pursuant to CERCLA. For the reasons that follow, the motion is DENIED.

**FACTS**

Plaintiff, Ashtabula River Cooperation Group II, brought this action against various defendants seeking to recover costs paid to clean up a contaminated portion of the Ashtabula

1

River. All defendants have reached settlements with the plaintiff. The only remaining claims in this matter consist of cross-claims for contribution among certain defendants.[1] American Premier Underwriter's Inc, ("APU") moves the Court for an order dismissing the cross-claims asserted by Conrail, Inc., Consolidated Rail Corporation, Pennsylvania Lines LLC, Norfolk Southern Corporation, Norfolk Southern Railway Company, CSX Corporation, and CSX Transportation ("Railroad Defendants"). APU seeks a dismissal with prejudice. The Railroad Defendants oppose the motion to the extent it seeks a dismissal with prejudice. The Railroad Defendants remain willing to enter into a joint dismissal of all cross-claims, provided the dismissal is without prejudice.

## ANALYSIS

APU seeks a dismissal with prejudice on the grounds that an indemnification provision contained in its settlement agreement with plaintiff bars the cross-claims asserted by the Railroad Defendants. According to APU, plaintiff agreed to indemnify APU in exchange for "contribution protection" with respect to claims brought for cleanup costs, including those claims asserted by the Railroad Defendants in this case. Although APU cites no specific provision, it argues that CERCLA permits and enforces contribution protection provisions contained in private settlements.

In response, the Railroad Defendants cite the provision in CERCLA addressing contribution protection. Specifically, 42 U.S.C. § 9613(f)(2) provides,

> A person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding

---

[1] It appears that a third-party claim may be pending for which the Railroad Defendants indicate they intend to seek default.

matters addressed in the settlement.

According to the Railroad Defendants, this provision is wholly inapplicable because APU's settlement is not a settlement of claims brought by the United States or a State, nor was it approved by this Court.  APU fails to file a reply brief addressing this provision or the arguments raised by the Railroad Defendants.

Upon review, APU is not entitled to a dismissal with prejudice.  As the Railroad Defendants correctly point out, *City of Detroit v. Simon*, 247 F.3d 619 (6th Cir. 2001) is dipositive of the issue.  In *Simon*, the Sixth Circuit expressly held that the plain meaning of Section 9613(f)(2) indicates that contribution protection is statutorily available for parties settling with the federal or state government in a judicially approved settlement.  *Id*. at 627-28.  Since the settlement agreement between APU and plaintiff satisfies neither of these criteria, statutory contribution protection is unavailable.

To the extent APU may be arguing that somehow the indemnification provision prevents the Railroad Defendants from asserting their claims, APU is simply wrong.  A negotiated indemnification provision addressing one party's liability vis à vis a third party to the settlement agreement does not extinguish the third party's claims.

**CONCLUSION**

For the foregoing reasons, Defendant American Premier Underwriters, Inc.'s Motion to Dismiss Cross-Claims of Defendants Conrail, Inc., Consolidated Rail Corporation, Pennsylvania Lines LLC, Norfolk Southern Corporation, Norfolk Southern Railway Company, CSX Corporation, and CSX Transportation is DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/18/09