**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Ashtabula River Cooperation Group II, | ) ) ) | CASE NO. 1:07 CV 3311 |
| Plaintiff, | ) ) | **JUDGE PATRICIA A. GAUGHAN** |
| vs. | ) ) | |
| Conrail, Inc., et al., | ) ) | **Memorandum of Opinion and Order** |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant Acme Scrap Iron & Metal Company's Motion to Vacate Default (Doc. 94). This is an environmental case. For the reasons that follow, the motion is GRANTED. Defendant Acme Scrap Iron & Metal Company is hereby DISMISSED.

**FACTS**

Plaintiff filed this lawsuit under CERCLA § 107(a) against, among others, defendants Norfolk Southern Railway Company and Conrail, Inc. These entities filed a third-party complaint against third-party defendant, Acme Scrap Iron and Metal Company ("ACME").

1

ACME is a defunct corporation. ACME's articles of incorporation were canceled by the Ohio Secretary of State nearly ten months before the filing of the third-party complaint. Third-party plaintiffs attempted service via certified mail. The certified mail was returned "unexecuted." (Doc. 47). Thereafter, on April 21, 2008, third-party plaintiffs attempted to serve ACME via ordinary mail. That, too, was returned unexecuted. Specifically, the return mail indicates, "not deliverable as addressed, unable to forward." On May 20, 2008, third-party plaintiffs, through the clerk's office, attempted to serve an alias summons on ACME via certified mail. No return-receipt was entered on the docket. Thus, the docket does not reflect that service was unexecuted. Nor does it reflect, however, that service was executed. Third-party plaintiffs, however, did not seek an entry of default against ACME. Rather, this case proceeded through extensive and complicated settlement negotiations. Over a year after ACME was allegedly served with the complaint, the parties to the litigation reached a settlement. Nearly a year after the settlement, third-party plaintiffs asked the clerk to enter default against ACME. Attached to the request for default is an affidavit from counsel indicating that "the docket shows that ACME was served with a copy of the summons and Complaint by certified mail on May 20, 2008." Based on this affidavit, the clerk entered default on May 12, 2010–nearly two years after ACME was purportedly served.

On June 23, 2010, third-party plaintiffs filed a motion for default judgment.[1] Five days later, ACME filed the instant motion asking that the default be set aside. Third-party plaintiffs oppose the motion.

---

[1] It appears that counsel for the third-party plaintiffs contacted ACME's insurance carrier on May 10, 2010. It is unclear why the insurer was not notified previously.

**ANALYSIS**

ACME argues that it was not properly served with the complaint.  ACME further argues that the standard to set aside an entry of default is less onerous than the standard to set aside a default judgment.  As no default judgment has been entered, ACME need only show that "good cause" exists to set aside the entry of default.  According to ACME, it easily satisfies this standard.

In response, third-party plaintiffs argue that ACME is unable to satisfy the three-part test for setting aside an entry of default.  In addition, third-party plaintiffs argue that service was in fact perfected on ACME.  As such, a two-year delay in appearing in this matter is inexcuasble.

Upon review, the Court finds that the entry of default must be set aside as it appears ACME was never properly served.  In their briefing, ACME points out that the docket does not reflect a return of the May 20, 2008 summons and complaint, which was sent by certified mail.  In their application to enter default, third-party plaintiffs provide an affidavit from counsel, indicating that service was in fact perfected on May 20, 2008.  Now, however, it appears that third-party plaintiffs have abandoned their argument that service was perfected by certified mail on that date.  Rather, third-party plaintiffs argue that service was perfected by ordinary mail on April 21, 2008.  Specifically, in footnote four of their brief in opposition, third-party plaintiffs argue, "[April 21, 2008] replaces the date of May 20, 2008 listed in prior pleadings as the date when service was perfected."

Under the Federal Rules of Civil Procedure, a corporation may be served, "in the manner prescribed by Rule 4(e)(1) for serving an individual...."  Fed. R. Civ. Pro. 4(h)(1).  That rule, in turn, provides that service is perfected by "following state law for serving a summons in an

3

action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Thus, in order to perfect service as to ACME under federal law, third-party plaintiffs must comply with the service laws of the State of Ohio.

Under Ohio law, service must be perfected by certified or express mail.[2] In certain circumstances, service is authorized by ordinary mail. Third-party plaintiffs argue that service by ordinary mail is authorized on the facts of this case. Specifically, third-party plaintiffs argue that Ohio R. Civ. Pro. 4.6(C) applies. That rule provides that service by ordinary mail is permitted where service by certified or express mail is refused. As ACME correctly points out, however, service by certified mail was not refused. Rather, the return-receipt indicates that service was unexecuted as "not deliverable as addressed, unable to forward." Thus, there is no refusal of service in this case and Rule 4.6(C) is wholly inapplicable.[3] Third-party plaintiffs make no other argument in support of their claim that ACME was properly served in this case.

Having failed to establish service of process, the Court concludes that the entry of default must be set aside. Because ACME was not properly served, the Court need not reach any of the parties' remaining arguments regarding the propriety of the entry of default.

---

[2] Ohio law also authorizes service of process by personal or residence service, neither of which is applicable here.

[3] Although not argued by third-party plaintiffs, Ohio R. Civ. Pro. 4.6(D) is also inapplicable. That rule permits service by ordinary mail where service is "unclaimed." The rule provides, however, that "service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." In this case, the ordinary mail envelope was returned undeliverable. Accordingly, Rule 4.6(D) provides no assistance to third-party plaintiffs.

4

**FAILURE TO SERVE**

In its reply brief, ACME asks this Court to dismiss this matter in that service was not perfected. Therefore, according to ACME, this Court lacks personal jurisdiction. Upon review, the Court agrees. Fed. R. Civ. Pro. 4(m) provides as follows,

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion...–must dismiss the action without prejudice against that defendant or order that service be made within a specified time....

In this case, plaintiff made three unsuccessful attempts to obtain service on ACME. The third-party complaint was filed nearly two-and-a-half years ago. This Court finds that dismissal is warranted.

**CONCLUSION**

Defendant Acme Scrap Iron & Metal Company's Motion to Vacate Default is GRANTED. Defendant Acme Scrap Iron & Metal Company is hereby DISMISSED.

IT IS SO ORDERED.

                                            /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
                                            United States District Judge

Dated: 8/13/10